STATE HIGHWAY COMMISSION et al. v. ALEXANDER et al.

No. 23331. Opinion Filed Sept. 13, 1932.

Rehearing Denied Oct. 18, 1932.

Owen & Looney and Paul N. Lindsey, for petitioners.

L. A. Wood, for respondents.

CLARK, V. C. J. This is an original action in this court by petitioners to review an award of the State Industrial Commission, made and entered on the 31st day of December, 1931, and amended and corrected by the Industrial Commission on the 4th day of January, 1932, in favor of Henry Alexander, wherein the said Henry Alexander was awarded 39 weeks' and 5 days' compensation at the rate of $11.54 per week for temporary total disability, computed from July 22, 1930, to April 1, 1931. He was also awarded further compensation at the rate of $8 per week, not to exceed 300 weeks for permanent partial disability and loss of earning capacity.

Petitioners contend that the order as amended and corrected is contrary to law and that the findings of the Industrial Commission are not supported by any competent evidence. That the Commission erred in finding that the claimant's earning capacity had been decreased from $3 per day to $1 per day.

An examination of the record discloses that respondent, claimant below, while working for the Highway Department, was kicked on the groin by a mule. That he immediately received medical attention, and thereafter he was operated on for injury to the left testicle.

The award for temporary total disability was from July 22, 1930, to April 1, 1931.

On the 1st day of April, 1931, respondent, claimant below, returned to work, but as a result of the injury suffered was compelled to quit for the reason he was unable to perform the kind and character of work that he was doing prior to the injury.

The evidence further discloses from the testimony of experts, one of whom testified that respondent had a .15 per cent. permanent disability, and one 25 per cent. permanent disability. There was evidence also offered to show the loss of earning capacity of respondent, and the Commission found that the said earning capacity had been decreased from $3 per day to $1 per day, and that said decrease was the result of the injury.

The award was for 66 2/3 per centum of the loss of earning capacity, which is in accordance with the statute and was in the sum of $8 per week, not to exceed 300 weeks.

Subdivision 5 of section 7290, C. O. S. 1921, as amended by Session Laws 1923 [O. S. 1931, sec. 13356] provides in part as follows:

"The compensation payments under the provisions of this act shall not exceed the sum of eighteen ($18) dollars per week or be less than eight ($8) dollars per week. * * *"

It provided further that $8 per week shall be paid unless the same exceeds the average earning capacity of the injured employee.

The respondent's wage-earning capacity having been reduced $2 per day, would be a reduction of $12 per week, and his recovery would be two-thirds of that, which would be $8 per week, the amount awarded by the Commission not to exceed 300 weeks.

Petitioners contend that the testimony of the doctors was incompetent to prove loss of earning capacity. With this contention

we agree. However, the same was admissible to corroborate the testimony of the claimant that his earning capacity had been reduced by reason of the injury.

An examination of the record discloses that there is sufficient competent evidence to support the award, and that the same is not contrary to law, and under the well settled rule in such cases will not be disturbed by this court on review.

The award of the State Industrial Commission is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.